IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01895-BNB

MARIO ANTON LEE,

    Plaintiff,

v.

CHARLES DANIELS, Warden,
BERRY, Lieutenant,
BENUELOS, Lieutenant,
HAROLD WATTS, Administrator Remedy Coordinator,
UNKNOWN NAMED CENTRAL REGIONAL OFFICE ADMINISTRATIVE
    REMEDY COORDINATOR,
S. JARDIN, Administrative Remedy Coordinator,
J. WISEMAN, Officer,
M. EBENHART, Officer,
ERPS, Officer,
MOHLER, Officer,
UNKNOWN NAME INVESTIGATOR,
LITVAN, Lieutenant,
UNKNOWN NAMED TEAM MEMBERS,
THOMPSON, Nurse,
LEE, Officer,
SHORT, Officer,
MARTÍNEZ, Lieutenant,
COREY, Officer,
UNKNOWN NAME, Nurse Team Member,
SYNDER, Captain, and
ROY, Officer,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Mario Anton Lee, is a prisoner in the custody of the Federal Bureau of

Prisons who currently is incarcerated at the United States Penitentiary, High Security, in

Florence, Colorado. He submitted *pro se* a Prisoner Complaint (ECF No. 1) for money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). He was granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe liberally the Prisoner Complaint because Mr. Lee is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lee will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Lee's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The complaint is verbose, disorganized, and vague. Mr. Lee asserts eight claims for relief, only some of which assert constitutional violations and each of which is contained in a separate document titled "Application of Excessive Inappropriate Use and Abuse of Force." ECF No. 4. The claims concern excessive force, inadequate medical care, and interference with the grievance process.

The amended Prisoner Complaint Mr. Lee files must comply with the pleading requirements of Rule 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of

Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In order to state a claim in federal court, Mr. Lee "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). However, in so doing, he should not repeat facts over and over, succeeding only in confusing the Court and Defendants as to his asserted claims.

Mr. Lee must present his claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able

3

to respond to those claims. Mr. Lee must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. Nor should the Court or Defendants be required to sift through Mr. Lee's verbose allegations to locate the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Lee must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556

U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. Lee appears to be suing grievance officers whose only apparent involvement in the alleged constitutional violations was to deny a grievance.  Such allegations are not sufficient to hold a defendant liable under *Bivens*.  The denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation in the alleged constitutional violations.  *See Arocho v. Nafziger*, 367 F. App'x 942, 955 (10th Cir. 2010), citing *Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir. 2009).

Mr. Lee may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Lee uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.  *See* D.C.COLO.LCivR 10.1E. and G.  The amended complaint Mr. Lee will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Lee will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  Mr. Lee must provide the full address for each named defendant.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Mario Anton Lee, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 10.1 of the Local Rules of Practice for this Court as discussed in this order.  It is

FURTHER ORDERED that Mr. Lee shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and must use that form in submitting the amended complaint.  It is

FURTHER ORDERED that, if Mr. Lee fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the Prisoner Complaint and the action will be dismissed without further notice.


DATED July 19, 2013, at Denver, Colorado.

                                       BY THE COURT:

                                       s/ Boyd N. Boland
                                       United States Magistrate Judge