IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01895-BNB

MARIO ANTON LEE,

    Plaintiff,

v.

LIEUTENANT M. BANUELOS,
LIEUTENANT BARRY,
PRISON GUARD J. WISEMAN,
PRISON GUARD M. EBERHART,
PRISON GUARD ERPS,
PRISON GUARD MOHLER,
LIEUTENANT K. LITVAN,
CAROL LINGREN, RN,
R. HUDDLESTON, EMT, and
JOHN DOE, Unknown Medical Person[n]el Assigned to the Prison
    on the 2:00 p.m. to 10:00 p.m. Shift on February 8, 2013,

    Defendants.

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

    Plaintiff, Mario Anton Lee, is a prisoner in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. On September 14, 2013, after being granted extensions of time, he submitted *pro se* an amended Prisoner Complaint (ECF No. 14). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915. On July 16, 2013, Mr. Lee filed a document titled "Order to Show Cause for an [sic] Preliminary [Injunction] and/or Temporary Restraining Order" (ECF No. 5).

    The Court must construe liberally the order to show cause because Mr. Lee is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the order to show cause will be construed liberally as a motion for a preliminary injunction and/or a temporary restraining order and will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Lee is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Lee alleges that he was going to receive X-rays of his chest and neck area following an injury he alleges he suffered on February 8, 2013. The allegations in the

motion for preliminary injunction and/or a temporary restraining order are related to the claims asserted in Mr. Brooks' amended Prisoner Complaint.  He contends Defendants are obstructing the investigation concerning the events alleged in the amended complaint, and he seeks and immediate transfer because he contends his life is in danger of further harm by Defendants.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).  Thus, Mr. Lee "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."  *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  Therefore, Mr. Lee "must establish both that harm will occur, and that, when it does, such harm will be irreparable."  *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007).  Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."  *Heideman*, 348 F.3d at 1189 (emphasis in original).  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against something merely feared as liable to occur at some indefinite time in the future."  *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Lee fails to demonstrate, clearly and unequivocally, that he is entitled to preliminary injunctive relief.  In particular, Mr. Lee fails to allege specific facts that

demonstrate he will suffer future injury that is irreparable if no preliminary injunction is issued. The preliminary injunctive relief he seeks with respect to the investigation into the physical injury he alleges does not implicate injuries that are irreparable. Even with respect to the alleged need for a transfer because he believes his life is in danger, Mr. Lee fails to "show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. Therefore, the motion for preliminary injunctive relief will be denied.

Accordingly, it is

ORDERED that the document titled "Order to Show Cause for an [sic] Preliminary [Injunction] and/or Temporary Restraining Order" (ECF No. 5) that Plaintiff, Mario Anton Lee, filed on July 16, 2013, and which the Court has construed liberally as a motion for a preliminary injunction and/or a temporary restraining order, is denied.

DATED at Denver, Colorado, this 8th day of January, 2014.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court