IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01895-CMA-MJW

MARIO ANTON LEE,

Plaintiff,

v.

BANUELOS, LIEUTENANT,
BERRY, LIEUTENANT,
M. EBENHART, OFFICER,
ERPS, OFFICER,
HUDDLESTON, NURSE (EMT),
LENGREN, NURSE,
LEE, OFFICER,
LITVAN, LIEUTENANT,
MARTINEZ, LIEUTENANT,
MOHLER, OFFICER,
ROY, OFFICER,
SHORT, OFFICER,
THOMPSON, P.A.,
J. WISEMAN, OFFICER, and
MCDERMOTT,

Defendants.

---

## RECOMMENDATION ON
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
### (Docket No. 63)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No.

22) issued by Judge Christine M. Arguello on January 10, 2014.  Now before the court

for a report and recommendation is Defendants' Motion for Summary Judgment for

Failure to Exhaust Administrative Remedies (Docket No. 63).  The court has carefully

considered the subject motion (Docket No. 63), *pro se* prisoner plaintiff Mario Anton

2

Lee's response (Docket No. 65), defendants' reply (Docket No. 66), and plaintiff's sur-

reply (Docket No. 67).  In addition, the court has taken judicial notice of the court's file,

and has considered the applicable Federal Rules of Civil Procedure and case law.  The

court now being fully informed makes the following findings of fact, conclusions of law,

and recommendations.

## I. Summary of the Case

Plaintiff filed his Prisoner Complaint (Docket No. 1) on July 16, 2013.  A Second

Amended Prisoner Complaint (Docket No. 60) was filed on April 2, 2014.  Plaintiff

asserts that on February 8 and February 9, 2013, defendants violated his rights under

the Eighth Amendment when they assaulted him and placed him in excessive restraints

without treating him for his injuries.  Plaintiff has named fifteen Bureau of Prisons

("BOP") officials as defendants.  Plaintiff's claims are brought against defendants in both

their individual and official capacities.  In the subject motion (Docket No. 63),

defendants argue plaintiff has failed to exhaust his administrative remedies.

## II. Standard of Review

Rule 56(a) provides that summary judgment shall be granted "if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A party seeking summary

judgment bears the initial responsibility of informing the district court of the basis for its

motion, and identifying those portions of the pleadings, depositions, interrogatories, and

admissions on file together with affidavits, if any, which it believes demonstrate the

absence of genuine issues for trial."  Robertson v. Bd. of Cnty. Comm'rs of the Cnty. of

Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)).  "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried . . . .  These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'"  Southway v. Central Bank of Nigeria, 149 F. Supp. 2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*.  The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible.  Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because a third party's description of a witness supposed testimony is not suitable grist for the summary judgment mill."  Adams v. Am. Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (internal citations and quotations omitted).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response."  Southway, 149 F. Supp. 2d at 1273.  "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict."  Id. "Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes

4

exist." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting

White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)).  "Evidence presented must

be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for

summary judgment."  Id. at 1274.  "Summary judgment should not enter if, viewing the

evidence in a light most favorable to the non-moving party and drawing all reasonable

inferences in that party's favor, a reasonable jury could return a verdict for that party."

Id. at 1273.

       Plaintiff is proceeding *pro se.*  The court, therefore, reviews his pleadings and

other papers liberally and holds them to a less stringent standard than those drafted by

attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir.

2007).  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro*

*se* complaint to less stringent standards than formal pleadings drafted by lawyers).

However, a *pro se* litigant's conclusory allegations without supporting factual averments

are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove

facts that have not been alleged or that a defendant has violated laws in ways that a

plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170,

1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to

round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v.

City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not

construct arguments or theories for the plaintiff in the absence of any discussion of

those issues).  The plaintiff's *pro se* status does not entitle him to application of different

rules.  <u>Wells v. Krebs</u>, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

## III. Analysis

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions.  This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it."  <u>Beaudry v. Corr. Corp. of Am.</u>, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003).  Therefore, defendants do not waive the exhaustion defense by waiting to raise it, even on the eve of trial.  <u>Id.</u>

Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."  <u>Porter v. Nussle</u>, 534 U.S. 516, 520 (2002).  "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  <u>Id.</u> at 524 (citing <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001)).  The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement."  <u>Booth</u>, 532 U.S. at 741 n.6.  "In *Booth*, the Supreme Court explained that one of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation."  <u>Beaudry</u>, 331 F.3d at 1167.

The "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints."  <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007).  As an affirmative defense, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the

6

PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007). "'[A] district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue' unless the complaint conclusively shows a failure to exhaust." Markovich v. Correct Care Solutions, 406 Fed. Appx. 264, 265 (10th Cir. 2010) (quoting Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)).

The court may take judicial notice of the Bureau of Prisons' ("BOP") administrative process. See Ray v. Aztec Well Service Co., 748 F.2d 888, 889 (10th Cir.1984) (court can take judicial notice of agency rules and regulations); Antonelli v. Ralston, 609 F.2d 340, 341, n.1 (8th Cir.1979) (judicial notice taken of Bureau of Prisons' Program Statement). The BOP has a four-step administrative process that provides for review at the institutional, regional and national levels "through which inmates may seek formal review of an issue which relates to any aspect of their confinement [with exceptions not pertinent to this case], if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10–542.18. "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Following informal attempts to resolve a complaint, the procedure requires that an inmate submit to the Warden "a formal written Administrative Remedy Request, on the appropriate form (BP-9), 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The Warden must respond within 20 calendar days from the date the formal request is received and logged into the Bureau's Administrative Remedy Index. 28 C.F.R. § 542.18. If the 20-day period is insufficient to make an appropriate decision, the deadline may be extended once for 20 days, unless

the request is determined to be an emergency that threatens the inmate's immediate health or welfare, in which case the Warden must respond no later than the third calendar day after filing. Id.

If unsatisfied with the Warden's response, the inmate may file "an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). The Regional Director must respond within 30 days, which period may be extended once for 30 days. 28 C.F.R. § 542.18. If unsatisfied with the Regional Director's response, the prisoner "may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a). The General Counsel must respond within 40 days, which period may be extended once for 20 days. 28 C .F.R. § 542.18. At any stage of the process, "[i]lf the inmate does not receive a response within the time allotted for reply, . . . the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. The appeal to the General Counsel at the Central Office constitutes the final administrative appeal. 28 C.F.R. § 542.15(a). An inmate may not raise issues in an appeal that were not raised in the lower level filing. 28 C.F.R. § 542.15(b)(2).

The following facts, material to the subject motion, are undisputed unless otherwise noted. There are two administrative remedies ostensibly at issue: 729465 and 730994. Plaintiff filed Administrative Remedy ("AR") 729465-F1 on April 8, 2013 with the warden. Docket No. 63-1, ¶ 15. AR 729465-F1 was procedurally rejected for administrative remedy reason codes "UTF," "CON," and "OTH." Id. "UTF" means the request was untimely as it was not received within 20 days of the event complained. Id.

8

"CON" means that the request was not submitted through the inmate's counselor or other authorized person.  Id.  "OTH" directed plaintiff to remarks, which stated that "administrative remedy filings are not accepted through the institutional mail."  Id.  On April 19, 2013, plaintiff appealed the rejection to the Regional Office, and the appeal was designated as AR 729465-R1.  Id., ¶ 16.  AR 729465-R1 was procedurally rejected for administrative remedy reason codes "UTF" and "OTH."  Id.  The remarks stated: "Concur with institution's rejection.  The issue you appeal occurred on [February 8 and February 9, 2013]."  Id.

On May 20, 2013, plaintiff appealed the Regional Office's rejection to the Central Office, and the appeal was designated as AR 729465-A1.  Id., ¶ 17.  AR 729465-A1 was procedurally rejected for administrative remedy reason code "UTF."  Id.  The remarks stated: "Concur with lower levels rationale for rejection.  Provide staff verification stating reason untimely filing was not your fault to the institution."  Id.

On July 8, 2013, plaintiff resubmitted the appeal to the Central Office, and the appeal was designated as AR 729465-A2.  Id., ¶ 18.  AR 729465-A2 was procedurally rejected for administrative remedy reason code "WRL."  Id.  "WRL" means the inmate's appeal was submitted to the wrong level.  Id.  The remarks stated: "You will need to submit your appeal along with the staff memo explaining untimeliness to the Warden's Office for review and response."  Id.  Plaintiff has not resubmitted AR 729465-A2 to the Warden's Office for review and response.  Id., ¶ 21.  Plaintiff has not refiled AR 729465 at any level.  Id.

Plaintiff filed AR 730994-A1 on July 2, 2013 with the Central Office.  Id., ¶ 24. AR 730994-A1 was rejected with the remarks: "Resubmit to institution with staff memo."

9

Id. Plaintiff has not resubmitted or refiled AR 730994 at any level. Id.

Defendants argue that the undisputed material facts demonstrate plaintiff failed to exhaust his administrative remedies as required by the PLRA. In response, plaintiff does not contend that he exhausted his administrative remedies. Rather, plaintiff argues that his failure to exhaust should be excused because remedies were "unavailable" to him.

The PLRA only requires the exhaustion of "available" administrative remedies. Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010) (citing Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002); 42 U.S.C. § 1997(e)(a)). District courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials" before dismissing a claim for failure to exhaust. Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007). "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." Little, 607 F.3d at 1032.

Plaintiff relies on two memorandums from BOP Correctional Counselor A. Church (the "Church memos") to support his argument that remedies were unavailable to him. The first memo, dated June 20, 2013, addresses AR 729465-A1 (the "AR 729465 memo"). It reads as follows:

Inmate Mario Lee Reg. #21047-001 is currently in the process of filing his remedy to the Central Office. His BP-11 was rejected at the central office level for being untimely. The explanation for untimely filing started back in late February, early March of 2013. The incident that the inmate was

> originally filing on happened February 8, 2013.  The inmate received a bp-
> 8 on February 25, 2013 due to staff being unavailable to issue him a bp-8.
> There was an unknown date and time that is was returned to the unit
> counselor or unit team staff.  The bp-8 appears to have been answered on
> March 13, 2013.  This was way beyond the 20 days to file his bp-9.  This
> resulted in a late filing that staff never had an explanation for.  That is the
> reason for this memo.  Inmate Lee has continued to file his remedy all the
> way up to the bp-11 and has received rejection notices at every level of
> this process for this remedy being untimely.  I do not feel that his remedy
> being late was his fault.  If possible, please accept his remedy without
> penalty of an untimely filing.

Docket No. 65, at 7.

The second memo, dated June 12, 2013, addresses AR 730994-R1 (the "AR 730994 memo").  It reads as follows:

> Inmate Mario Lee Reg. #21047-001 is currently in the process of filing his
> remedy to the Central Office.  His BP-10 was rejected by the north central
> regional office for being untimely.  Just for the record this inmate's
> counselor was not available for a long duration in which when his
> counselor returned to work a received a BP-8 to file his remedy well
> passed the 20 day time frame to file.  If possible please allow his remedy
> to be processed without penalty of an untimely filing.

Docket No. 65, at 6.

Defendants argue that the Church memos are irrelevant and do not excuse

plaintiff from exhausting his administrative remedies.  Plaintiff attached the AR 729465 memo when he resubmitted his administrative appeal to the Central Office on July 8, 2013.  In response, the Central Office informed plaintiff that he needed to submit the appeal to the Warden's Office and include "the staff memo explaining untimeliness."  As to AR 730994,[1] the Central Office informed plaintiff that he needed to "[r]esubmit to institution with staff memo."  It can be reasonably inferred that the "staff memos" referred to by the Central Office are the Church memos.

It is undisputed that plaintiff failed to resubmit either AR 729465 or AR 730994. As such, defendants argue that plaintiff's remedy was not ultimately rejected as untimely, but rather was rejected for his failure to resubmit as directed.  Accordingly, defendants argue that the Church memos, which only address the untimeliness of plaintiff's filings, are irrelevant to the court's determination.

The court agrees with defendants.  As the Tenth Circuit has stated, district courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials" before dismissing a claim for failure to exhaust. Aquilar–Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007).  Here, it is undisputed that the ultimate defect in plaintiff's exhaustion was his failure to resubmit his appeals.  Furthermore, it is undisputed that plaintiff's failure to resubmit was not due to any action or inaction of prison officials.  Accordingly, the court finds there is no genuine issue of material fact regarding plaintiff's failure to exhaust administrative

---

[1] Furthermore, it should be noted that AR 730994 involves an incident which occurred in January 2013, before the February 8 and 9, 2013 incidents which are at issue in this case. Accordingly, regardless of whether plaintiff exhausted his remedies, it would appear AR 730994 is irrelevant to this matter.

12

remedies which were available to him.  Defendants' Motion for Summary Judgment for

Failure to Exhaust Administrative Remedies (Docket No. 63) should be granted for this

reason.

## IV. Recommendation

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Motion for Summary Judgment for Failure to

Exhaust Administrative Remedies (Docket No. 63) be **GRANTED**.


**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives de novo review of the**

**recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  May 30, 2014                              s/ Michael J. Watanabe
       Denver, Colorado                          Michael J. Watanabe
                                                 United States Magistrate Judge