IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-01895-CMA-MJW

MARIO ANTON LEE,

    Plaintiff,

v.

BENUELOS, LIEUTENANT,
BERRY, LIEUTENANT,
M. EBENHART, OFFICER,
ERPS, OFFICER,
HUDDLESTON, NURSE (EMT),
LENGREN, NURSE,
LEE, OFFICER,
LITVAN, LIEUTENANT,
MARTINEZ, LIEUTENANT,
MOHLER, OFFICER,
ROY, OFFICER,
SHORT, OFFICER,
THOMPSON, P.A.,
J. WISEMAN, OFFICER,
McDERMOTT, MEDICAL DIRECTOR,
all of the above in their individual and official capacities,

    Defendants.

## ORDER ADOPTING AND AFFIRMING MAY 30, 2014
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the May 30, 2014 Recommendation by United States Magistrate Judge Michael J. Watanabe that Defendants' Motion for Summary Judgment *re: Second Amended Complaint* (Doc. # 63) be granted. (Doc. # 68.)

The Recommendation is incorporated herein by reference. *See* 28 U.S.C.

§ 636(b)(1)(B); Fed. R. Civ. P. 72(b).  On June 12, 2014, Plaintiff filed an objection to the Recommendation.  (Doc. # 69.)

"When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In his recommendation, Magistrate Judge Watanabe found that Plaintiff failed to exhaust his administrative remedies.  Plaintiff argues that Magistrate Judge Watanabe improperly determined that the memos written by BOP Correctional Counselor A. Church were irrelevant.  The Court disagrees.  Although the Church memos ask that BOP reconsider its determination that Plaintiff's complaints were untimely, Plaintiff was repeatedly informed by BOP that he needed to provide an explanation as to why they were untimely.  Instead of providing that explanation, Plaintiff stubbornly ignored the request and merely proceeded to submit his grievance to the next level.  The Court agrees with Judge Watanabe that the undisputed facts show that Plaintiff did not exhaust his administrative remedies.  Moreover, Plaintiff has not met his burden in demonstrating that the Court should grant his other requests, including his demand for an evidentiary hearing.  However, to the extent Plaintiff points out that

his claims should be dismissed without prejudice,[1] the Court agrees. *See Price v. Shinn*, 178 F. App'x 803, 806 (10th Cir. 2006). The Court, however, declines to grant any extension of time as requested by Plaintiff.

The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Plaintiff's objection thereto. Based on this *de novo* review, the Court concludes that Judge Watanabe's Recommendation is correct and is not called into question by Plaintiff's objection. Accordingly, it is hereby ORDERED that Plaintiff's objection (Doc. # 69) is OVERRULED. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Michael J. Watanabe (Doc. # 68) is AFFIRMED and ADOPTED as an Order of this Court. Pursuant to the Recommendation, it is

FURTHER ORDERED that Defendants' Motion for Summary Judgment re: Second Amended Complaint (Doc. # 63) is GRANTED. It is

FURTHER ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

DATED: June __17__, 2014

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge

---

[1] Judge Watanabe's order did not say whether the claims were dismissed with or without prejudice.