IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 13-cv-01895-CMA-MJW

MARIO ANTON LEE,

     Plaintiff,

v.

BENUELOS, LIEUTENANT,
BERRY, LIEUTENANT,
M. EBENHART, OFFICER,
ERPS, OFFICER,
HUDDLESTON, NURSE (EMT),
LENGREN, NURSE,
LEE, OFFICER,
LITVAN, LIEUTENANT,
MARTINEZ, LIEUTENANT,
MOHLER, OFFICER,
ROY, OFFICER,
SHORT, OFFICER,
THOMPSON, P.A.,
J. WISEMAN, OFFICER,
McDERMOTT, MEDICAL DIRECTOR,
all of the above in their individual and official capacities,

     Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

This matter is before the Court on Plaintiff Mario Anton Lee's Motion for Reconsideration, filed on July 1, 2014. (Doc. # 75.) For the following reasons, the Court denies Plaintiff's motion.

Plaintiff is proceeding *pro se*. The Court, therefore, liberally construes his papers and pleadings and holds them to a less stringent standard than those drafted by attorneys. *Trackwell v. United States Government*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, Plaintiff's *pro se* status does not entitle him to application of different rules. *Wells v. Krebs*, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

Plaintiff properly filed this motion within Rule 59's twenty-eight day time limitation. Under Fed. R. Civ. P. 59(e), "[g]rounds warranting a motion to reconsider include (1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). However, reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff asks for relief on four bases. He argues that (1) he is entitled to an evidentiary hearing; (2) he is entitled to a 90 days to exhaust his administrative remedies; (3) his administrative remedy process form was forged; and (4) administrative officers retaliated against Plaintiff.

Plaintiff's first two contentions were considered and rejected by this Court. (Doc. # 70 at 2-3.) Plaintiff has not demonstrated that any of the three grounds for reconsideration are present. Thus, Plaintiff is not entitled to reconsideration of these arguments. *See Servants of Paraclete,* 204 F.3d at 1012.

Plaintiff's second two contentions are arguments that Plaintiff could have raised previously, but chose not to. Indeed, the document Plaintiff claims was forged is dated

2013 and he filed a Regional Administrative Remedy Appeal alleging that document was a forgery on April 10, 2013. (Doc. # 75 at 17.) As for Plaintiff's retaliation claim, each instance of alleged retaliation appears to have taken place before he filed his response to the underlying motion for summary judgment. (*Id.* at 10-11.) It is inappropriate to use a Rule 59 motion to revisit arguments previously addressed by the Court or to make legal arguments that could have been raised before. *See Servants of Paraclete,* 204 F.3d at 1012. Accordingly, the Court declines to grant Plaintiff the relief it seeks.

Based on the foregoing, it is ORDERED that Plaintiff's Motion for Reconsideration (Doc. # 75) is DENIED.

DATED: August 13, 2014

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge